2]    JANUARY TERM, 1919.    635

Glatz v. Kroeger Bros. Co. 168 Wis. 635.

GLATZ, Appellant, vs. KROEGER BROTHERS COMPANY, Re-
spondent.

*February 6—April 2, 1919.*

*Automobiles: Negligence: Death in collision: Right of way: Con-
tributory negligence: Evidence: Physical facts: Changing
jury's finding.*

1. In an action to recover damages for death of plaintiff's hus-
   band in a collision, evidence that the deceased, riding upon a
   motorcycle on the proper side of the street, approached a
   street intersection from the west at an ordinary and proper
   rate of speed, that defendant's truck, coming from the north
   on the cross street, shot suddenly out from behind a building
   at a high rate of speed, and that the driver of the truck did
   not keep a proper lookout, did not have proper control of his
   machine, and apparently was unmindful of his duty to give
   the deceased the right of way, was sufficient to sustain a find-
   ing by the jury acquitting the deceased of contributory negli-
   gence, even if the fact was that the motorcycle ran into the
   truck.
2. The physical facts as to the marks upon the truck and the
   motorcycle and the relative positions of the two vehicles and
   the body of the deceased after the collision did not conclu-
   sively show which vehicle ran into the other, and did not, in
   any view thereof, justify the trial court in changing the jury's
   finding as to contributory negligence.

APPEAL from a judgment of the circuit court for Mil-
waukee county: E. T. FAIRCHILD, Circuit Judge. *Reversed.*

This is an action by the widow of one Cyprian Glatz to
recover damages for the death of her husband resulting
from a collision between an automobile truck operated by
the defendant and a motorcycle on which the deceased was

riding at about 12:30 p. m. February 9, 1917, at the intersection of Nineteenth and Galena streets in the city of Milwaukee. Galena street runs east and west and Nineteenth street north and south. The deceased was going east on the south side of the roadway on Galena street, and the defendant's truck, driven by an employee, was going south on the west side of Nineteenth street. The two vehicles arrived at the intersection at nearly the same time and violently collided. The claim of the plaintiff is that the deceased reached the point of collision first and was negligently run into by the driver of the truck, while the defendant claims that the truck reached the point first and that the motorcycle ran into its right front wheel. As a result of the collision the deceased was thrown from his motorcycle onto the sidewalk on the east side of Nineteenth street just south of the southeast corner of the intersection of the two streets, and instantly killed. The motorcycle was found in the roadway against the catch-basin at said corner, and the truck stopped on the sidewalk and in the parking space on the east side of Nineteenth street just south of the deceased. There was considerable snow packed hard in the street at the time. The front wheels of the truck were twisted and the axles bent as the result of the machine striking and mounting the curb.

A special verdict was returned by the jury finding (1) that the defendant's driver failed to exercise ordinary care in operating the automobile as it approached the place of collision; (2) that such failure was the proximate cause of the injury to the deceased; (3) that no want of ordinary care on the part of the deceased proximately contributed to cause his death; (4) that plaintiff's damages amounted to $4,500. Upon motion the trial judge changed the answer to the third question from "No" to "Yes," thus finding deceased guilty of contributory negligence, and rendered judgment for the defendant, from which judgment the plaintiff appeals.

*Oscar W. Kreutzer* of Milwaukee, for the appellant.

For the respondent there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles.*

The following opinion was filed March 4, 1919:

WINSLOW, C. J.   There were but four eye-witnesses of the accident and they were all examined on the trial.   Two school girls, aged respectively twelve and fifteen years, were standing on the northeast corner of Galena and Twentieth streets about 300 feet from the place of collision and watched the deceased riding eastward on Galena street until the collision occurred, and both testified that the motor-cycle reached the street intersection first and that the truck shot out from behind a building on the northwest corner of Galena and Nineteenth streets, going very fast, and ran into the motorcycle.   The driver of the truck testified in substance that he reached the street intersection first, travel-ing at the rate of twelve or thirteen miles an hour; that he was nearly two thirds of the way across Galena street when the motorcycle came from the west directly toward his machine and made no turn; that he swung the machine di-rectly to the east, but the motorcycle struck his right front wheel and the deceased fell onto the right front fender; that the truck skidded and slewed around one and a quarter times, pivoting on the right hind wheel, on which there was a chain; that when it ceased skidding it was pointing di-rectly east and still had sufficient speed to mount the curb on the east side of Nineteenth street just south of the building line and run onto the sidewalk, twisting the front axles and bending or breaking the radius rods.   A wagon-boy sixteen years old, who was riding in the truck and was also an em-ployee of the defendant, testified to substantially the same facts.

Upon this conflicting evidence the jury found the truck driver guilty of negligence and acquitted the deceased from

contributory negligence.   The trial judge, however, re-
versed the latter finding because the physical facts, *i. e.* the
marks on the automobile and the positions of the deceased,
the motorcycle, and the truck after the accident, were con-
trolling and demonstrated that the motorcycle ran into the
right front wheel of the truck.   From this premise he con-
cluded that the deceased was guilty of contributory negli-
gence as matter of law.

We have been unable, after a very careful consideration
of the evidence in the case, to agree with either of these
propositions, and we shall briefly state why.

The physical facts relied on by the trial court as demon-
strating that the motorcycle ran into the automobile were in
brief these:   Upon the pressed steel hub cap of the right
front wheel of the truck was an irregular indentation and
just above the indentation five marks, apparently made by
contact with the threads of a screw or bolt; on the fender
above this wheel was a break of some kind, the nature of
which is not clearly disclosed by the evidence; the truck,
when it stopped, was facing east with its front wheels on
the sidewalk and its rear wheels on the park space on the
east side of Nineteenth street just south of the building line
on the south side of Galena street, about thirty feet distant
from the place of collision; a foot or two north of the truck
was the body of the deceased lying on the sidewalk, and the
motorcycle was leaning against the catch-basin at the corner
of the curb.   These relative positions of the truck, the dead
man, and the motorcycle were only to be explained, as the
trial judge thought, by accepting the testimony of the driver
of the truck to the effect that the truck reached the point of
collision first and the motorcycle ran head on into the right
front wheel of the truck, causing it to pivot on the chained
rear wheel, skidding at the same time toward the southeast.

So far as the indentation and the thread marks on the hub
cap of the truck are concerned, we cannot regard them as
at all conclusive on the question as to which vehicle ran

down the other. Two expert mechanicians testified that the indentation fitted the nut upon the hub of the front fork of the motorcycle and was apparently made by the nut striking the hub cap. On the other hand, an expert mechanical engineer testified that in his judgment the indentation could not have been made by the nut just mentioned, but that it fitted a foot-rest flange at the rear of the motorcycle and might well have been made by contact therewith. As to the thread marks there did not appear to be anywhere on the motorcycle five exposed thread marks exactly corresponding to the thread marks on the hub cap. The motorcycle itself bears few, if any, marks of a collision such as the defendant's witnesses describe. The nut which is supposed to have made the indentation in the steel cap bears no marks of injury; the right handle-bar is slightly bent downward, and a horizontal steel bar eighteen inches long at the extreme rear of the machine and forming the left side of the rest stand was considerably bent as though it had received a blow of some violence near the middle. No other injuries appear to have been received by the motorcycle.

As to the relative positions of the two vehicles and the deceased after the collision, we cannot regard them as conclusively supporting either theory. The mechanical results of an accident of this kind are sometimes very surprising and hard to explain. It seems to us that in the present case they may be explained fully as reasonably on the theory that the truck ran down the motorcycle as on the theory that the motorcycle ran down the truck; in other words, it is a situation peculiarly appropriate for the judgment of a jury.

But if it were to be conceded that the evidence conclusively establishes that the motorcycle ran into the front wheel of the truck it would not necessarily follow that the deceased was guilty of contributory negligence. It must always be remembered that the deceased had the right of way. He was approaching the street intersection on the proper side of Galena street, and the statute gave him the right of

way over a driver approaching him from the left on Nineteenth street. Sec. 1636—49, Stats.

The possession of this right does not of course justify the possessor in plunging ahead regardless of consequences nor in failure to exercise ordinary care to avoid injury to others, but the fact is an important one to be considered in deciding the question of negligence. He approaches a crossing expecting and entitled to expect that one approaching from the left will recognize his right, and his conduct is to be judged of in view of that circumstance. *Zimmermann v. Mednikoff,* 165 Wis. 333, 162 N. W. 349.

Remembering this fact, we think it is impossible to say that the plaintiff must be defeated on the ground of contributory negligence simply because of the fact (granting it to be a fact) that the motorcycle ran into the truck. There was ample testimony to show that the deceased was approaching the intersection at an ordinary and proper rate of speed and that the truck shot suddenly out from behind a building at a high rate of speed, the driver apparently being unmindful of his duty to give the deceased the right of way. There was also evidence from which the jury might properly conclude that the driver of the truck approached the crossing very rapidly without keeping the proper lookout to his right and without proper control of his machine.

The answers of the jury seem to us to be founded upon sufficient evidence, we find no prejudicial errors in the rulings on evidence, and it follows that the judgment must be reversed.

*By the Court.*—Judgment reversed, and action remanded with directions to enter judgment for the plaintiff for the damages found by the jury as of July 8, 1918.

A motion for a rehearing was denied, with $25 costs, on April 2, 1919.