Dieterich, J.
 

 Marie Schwartz was driving her 1947 Nash automobile in a general westerly direction on Highway 15 at about South One Hundred Forty-Third street in Waukesha county on September 21, 1955, at about 8:30 in the forenoon. The defendant, Dominic S. San Felippo, was driving his 1950 flat stake-body International truck in the same direction behind the plaintiffs car. The road at and near the scene of the accident was a two-lane highway, 22 feet, seven inches wide with a gravel shoulder on either side which was approximately three feet wide.
 

 The plaintiff’s testimony reveals the following facts: She was employed in the real-estate-sales field and was forty-two years of age at the time of the accident. That while driving her car westerly on Highway 15 intending to make a left-hand- turn into a driveway, which was south of the highway, and while her car was about a block away from this point, she placed her hand out of the window of her car for the purpose of indicating a left-hand turn, applied her brakes, and waited for traffic. She further testified that she looked in the rear-view mirror and saw the truck coming quite fast and it seemed to be going from side to side. She then proceeded to pull her car to the right so as to get it onto the right shoulder of the road, at which time the truck collided with the rear end of her car. The rear end of the plaintiff’s car was completely demolished and the defendant’s truck tipped over into the ditch. The plaintiff’s testimony reveals further that she turned her wheels to the right when the defendant
 
 *34
 
 was 50 feet behind her and that her car was not equipped with automatic signals. Her testimony in one instance is that her car was pushed 100 feet from point of impact and later in her testimony she testified that she was not sure as to the distance which her car had been pushed.
 

 The plaintiff and defendant both testified that it was raining.
 

 The defendant testified that he saw plaintiffs car for the first time when it was 300 feet ahead and he thought her car was still moving slowly at that time. He stated his speed when he first noticed the plaintiffs car was between 30 and 35 miles per hour and that he then started to slow down and that the plaintiff’s car was near the center of the highway with the left wheels of her car on the center line and that he knew she was going to turn left despite the fact of no arm or turn signal because she was going straight ahead and then angled over to the left, and just prior to the impact, she moved her car out into the center of the right lane and had she stayed where she had been he would have passed her with no trouble at all. The defendant further testified that when his truck was 50 to 75 feet to the rear she pulled her car to the right and that his speed at that time was 20 to 25 miles per hour. That he applied his brakes and his truck went into a skid and that just before the collision took place he had reduced his speed sufficiently so that he was able to make a right-angle turn into a private driveway on the north side of the highway and just about the time he got the entire truck into the driveway, the left rear dual wheel dropped into a ditch causing his truck to tip slowly to the left. He testified further that the actual impact between the two cars occurred when the left rear corner of the truck’s platform struck the trunk of the plaintiff’s car as the truck was tipping. The truck did not tip on the side, but was leaning against the telephone pole and that the plaintiff’s car was
 
 *35
 
 stopped about 10 feet from the truck after the impact and was partly on the north shoulder.
 

 The jury found that the defendant San Felippo was not negligent with respect to management and control and that he was causally negligent with respect to speed. The jury found the plaintiff, Mrs. Schwartz, not negligent with respect to failure to give warning of her intention to turn left and causally negligent with moving to the right from her position on the highway. The jury attributed 50 per cent of the total negligence to San Felippo and 50 per cent to Mrs. Schwartz. Sec. 85.16 (2), Stats. 1955, provides:
 

 “Vehicles to keep in traffic lanes.
 
 The operator of a vehicle upon a roadway shall not deviate from the traffic lane in which he is operating without first ascertaining that such movement can be made with safety to other vehicles approaching from the rear.”
 

 Sec. 85.17, Stats. 1955, provides:
 

 “Rules for turning. (1)
 
 Turning right.
 
 The operator of a vehicle intending to turn to the right at an intersection shall approach the point of turning in the traffic lane nearest the right-hand edge or curb of the highway and in turning shall keep as closely as practicable to the right-hand edge or curb of the highway.
 

 “(2)
 
 Turning left.
 
 The operator of a vehicle intending to turn to the left at an intersection or into a private highway shall make such turn from the traffic lane immediately to the right of and next to the center of the highway, or from the center lane of a highway, ... In making the turn, he shall pass immediately to the left of the center of the intersection, passing as closely as practicable to the left of the center of the intersection, and shall leave the intersection immediately to the right of the center of the intersecting highway. . . .”
 

 The plaintiff contends that the defendant was negligent as a matter of law with respect to management and control and
 
 *36
 
 that the court erred in submitting this question to the jury for answer.
 

 We have two versions — the plaintiffs and the defendant’s. The plaintiff claims that she was trying to get out of the way of the truck which was bearing down on her and therefore made the right turn instead of the left-hand turn, and under such circumstances sec. 85.16 (2), Stats., would not apply to her.
 

 The defendant claims that although he did not recognize any signal on the part of the plaintiff which would indicate that she was going to make a left-hand turn, nevertheless the operation of her car, the position of her wheels, and the position of her car upon the highway indicated to him that she was going to make a left-hand turn and that when he got his truck within 50 to 75 feet from the plaintiff’s car, she made a right-hand turn, and that in trying to avoid hitting her car he negotiated his truck to the right and slowed down so as to make a right-hand turn into a private driveway.
 

 The evidence in this case fails to support the plaintiff’s contention that the defendant was negligent as a matter of law in respect to management and control of his truck and the question was properly submitted to the jury.
 

 The jury was entitled to infer that if the plaintiff had not suddenly turned to the right she could have continued making her left turn, thus allowing the defendant to proceed or that the defendant would have safely brought his vehicle to a gradual stop. Likewise, the jury could also have inferred that the plaintiff never came to a complete stop, but in making her right turn after indicating a left turn deviated from her position on the highway contrary to sec. 85.16 (2), Stats.
 
 Kleckner v. Great American Indemnity Co.
 
 (1950), 257 Wis. 574, 44 N. W. (2d) 560, and
 
 Scott v. Gilbertson
 
 (1957), 2 Wis. (2d) 102, 85 N. W. (2d) 852.
 

 
 *37
 

 Emergency Instruction.
 

 The plaintiff contends that the defendant was not entitled to an instruction in the application of the emergency rule upon the facts in this case.
 

 The court gave the following instruction:
 

 “. . . if the defendant, Dominic San Felippo, just before the accident, suddenly found himself in a place of danger without negligence on his part, and was confronted by an emergency and was consequently required to act and to choose one of two courses to avoid an accident, and there being no time for the exercise of deliberate judgment, then he was not necessarily negligent if he selected a course which was not the best means of escape from a danger so created, providing he selected such course as a person of ordinary prudence might reasonably take at that instant.”
 

 The plaintiff further contends that the court erred in giving the following instruction:
 

 “A
 
 signal of intention to turn right or left when required shall be given continuously during not less than the last 100 feet traveled by the vehicle before turning. ... a signal was required by the law under the present circumstances.”
 

 The statute requires a signal for either a right or left-hand turn.
 

 We find no prejudicial error as to either of the instructions as applied to the facts in this case.
 
 Topel v. Correz
 
 (1958), 3 Wis. (2d) 495, 89 N. W. (2d) 295, and
 
 Hardware Mut. Casualty Co. v. Harry Crow &
 
 Son,
 
 Inc.
 
 (1959), 6 Wis. (2d) 396, 94 N. W. (2d) 577.
 

 There being credible evidence to support the jury’s verdict, the judgment is affirmed.
 

 By the Court.
 
 — Judgment affirmed.
 

 Hallows, J., took no part.