RADEMAN, Respondent, v. RAÑKIN and another, Appellants.

*March 9—April 4, 1961.*

For the appellants there was a brief and oral argument by *Clayton A. Cramer* of Waukesha.

For the respondent there was a brief by *Charles J. Herro* and *Herro & Snyder,* all of Oconomowoc, and oral argument by *Charles J. Herro* and *Patrick L. Snyder.*

BROADFOOT, J. The collision occurred upon a section of a county trunk highway that was straight and level for a distance of about 700 feet. The highway was paved with black-top with a marked center line. The black-top varied in width from 20 to 22 feet and there were shoulders varying in width from three to six feet along this section of the highway. The highway ran in a northerly and southerly direction and the particular section thereof was higher than the highway to the north and to the south, and lay between the crests of two sharp grades by which it was approached from each direction.

Plaintiff was driving a two-door sedan in a northerly direction and intended to make a left turn into a private driveway that was located from 225 to 300 feet south of the crest of the hill to the north. The plaintiff testified that as

he approached the driveway he reduced his speed, turned on his light to signal a left turn, looked to his rear, and saw no one approaching, and looked to the north and could see no one coming from that direction. He then proceeded to make his turn toward the driveway at a speed of about five miles per hour. He did not see the defendant's car, which was traveling in a southerly direction. The front end of the defendant's car struck the plaintiff's car at the door and right front fender.

Plaintiff's wife was riding with him as a passenger. She testified that her husband put on his signal light to indicate a left turn, reduced to a slow speed, and when he started to make his left turn there was no car in sight to the north. Suddenly the defendant's car, in her words, popped up over the hill. She said nothing to her husband because she was too frightened. She estimated that only two or three seconds elapsed between the time the defendant came in her sight and the collision.

A deputy sheriff was called to the scene shortly after the accident and before the injured persons were taken to the hospital. He described the highway and stated that it was icy in spots and that these spots were sufficient in number and degree to require driving with more caution than normally. He established the point of impact as being in the west lane of the highway and there were skid marks made by the defendant's car for a distance of 32 feet and eight inches north of the point of impact. After the collision the rear of the defendant's car was 34 feet south of the point of impact and it was facing in a southerly direction in the west lane of traffic. The plaintiff's automobile was facing in a southwesterly direction and was straddling the west lane.

The defendant testified that he was traveling at a moderate rate of speed as he reached the crest of the hill and then reduced his speed. He stated that he saw the plaintiff's car from the crest of the hill and it was within his view at all

times thereafter up to the time of the collision. He claimed that plaintiff's car was completely stopped in the east lane of traffic and that no signal light was operating thereon. Defendant testified once that he applied his brakes twice, the first time after reaching the crest of the hill when it skidded on the ice, and again just before the impact. On redirect examination he stated that he applied his brakes but once and that was just prior to the collision. He asserted that he was almost up to the plaintiff's car when it suddenly shot out in front of him in a left turn from a dead stop. When asked how far he was away from plaintiff's car when it moved across his lane of traffic, he stated that he was right on top of it. He did not attempt to turn his car either to the left or to the right to avoid the collision.

In announcing its decision the trial court stated that the testimony of the defendant was incredible while the testimony of the plaintiff, which was corroborated by his wife, was to be believed. As trier of the facts, it was the judge of the credibility of the witnesses and the weight to be given to the testimony.

The defendants now contend that the trial court's findings of negligence against the defendant Rankin are against the great weight and clear preponderance of the evidence. In particular they challenge a portion of one finding wherein the court stated that at the time of the collision the plaintiff's vehicle was partially on the driveway and partially within the lane of travel of vehicles traveling in a southerly direction. The record does not support that particular statement. The testimony indicates that the front wheels of plaintiff's car had reached the shoulder and the balance of the car was in the west lane of traffic. Although the driveway extended across the shoulder, that part of· it was a portion of the highway. However, that is immaterial.

The defendants next contend that the trial court's finding that the defendant was traveling at an excessive rate of speed is wholly unsupported by any credible evidence. The fact that Rankin applied his brakes, left skid marks 32 feet and eight inches in length prior to the point of impact, and then pushed plaintiff's automobile sideways down the highway a distance of 34 feet plus the length of his automobile, compels an inference that he was traveling at an excessive rate of speed.

It is next contended that Rankin was confronted with an emergency. That would be true only if his version of how the accident happened was credible. If the plaintiff suddenly darted in front of the defendant from a dead stop and if he did not have his signal light on indicating a left turn, then Rankin was faced with an emergency. However, the trial court specifically found that the signal light was on and that plaintiff made his left turn without a stop. Rankin was familiar with the highway and knew that the portion thereof in the vicinity of the driveway was not visible to a driver approaching from the north until he reached the crest of the hill and he should have operated at a careful and prudent speed, particularly in view of the icy condition of the highway. Under the circumstances he is not entitled to claim the emergency doctrine.

It is next contended that the trial court's findings of negligence as to the defendant are duplicitous. Several cases are cited in which it has been held that a jury's findings of negligence with respect to speed and with respect to management and control are duplicitous, but this is not one of such cases. It is apparent from a reading of the record that the trial court could have found from the testimony that the defendant failed to maintain an efficient lookout. However, the defendant testified that he kept plaintiff's car within his

view from the time it first became visible as he reached the crest of the hill until the collision occurred. If that statement was true, and if the defendant did nothing by way of the management and control of his car to avoid an accident except to apply his brakes some 32 feet before he struck plaintiff's car, then the court was justified in making the findings it did. With an efficient lookout the defendant should have deviated from his lane of traffic in an attempt to avoid the collision. His failure to take such action was negligence that contributed to the accident. We find no duplicity in the findings as alleged.

The defendants finally attack the apportionment of negligence between the parties. We have often said that the apportionment of negligence is peculiarly a question to be determined by the trier of the facts. Although there may be cases where the circumstances are such that this court can properly rule as a matter of law that the negligence of one of the parties involved in an automobile collision is equal to that of the other, such cases are rare. *Bell v. Duesing,* 275 Wis. 47, 80 N. W. (2d) 821. Ordinarily this argument is made when the negligence of each party is of the same kind and nature. Even under those circumstances we have generally held that the apportionment of the causal negligence between the parties is to be made by the trier of the facts, ordinarily a jury. *Hansberry v. Dunn,* 230 Wis. 626, 284 N. W. 556. In this case, the apportionment was by the court. The causal negligence was not of the same character or quality, and there is no claim of error on the trial or prejudice that affected the apportionment. Furthermore, the record supports it.

*By the Court.*—Judgment affirmed.