CARSTENSEN and another, Appellants, v. FABER, by Guardian *ad litem,* and another, Respondents.

*June 5—June 29, 1962.*

---

[2] *Mitler v. Associated Contractors* (1958), 3 Wis. (2d) 331, 88 N. W. (2d) 672.

For the appellants there was a brief by *Nikolay, Jensen & Scott* of Medford, and oral argument by *Raymond H. Scott*.

For the respondents there was a brief by *Smith, Puchner, Tinkham & Smith* of Wausau, and oral argument by *Charles F. Smith, Jr.*

GORDON, J. The appellants' first contention is that the evidence established as a matter of law that Faber was negligent with respect to speed. They argue that Faber's testimony regarding his speed was incredible in the light of the physical evidence.

Faber testified that he was traveling within the speed limit (55 m.p.h.) just prior to the accident. The physical facts indicate that Faber's brakes were locked for a distance of 82 feet prior to impact, and that his automobile skidded an additional 110 feet after the impact. Photographic exhibits of the damaged automobiles indicate that the collision was a violent one.

The jury apparently believed Faber's testimony that he was traveling within the speed limit. The first question presented, therefore, is whether the physical facts render his testimony incredible so as to compel this court to hold him negligent with respect to speed as a matter of law. In resolving this question it is necessary to review the evidence in a light most favorable to Faber. *Rodenkirch v. Johnson* (1960), 9 Wis. (2d) 245, 101 N. W. (2d) 83.

Faber skidded a considerable distance both before and after the impact. The evidence established that Faber's person was thrown forward violently by the impact, and he was thereafter unable to control his automobile. The length of the skid marks was a factor to be weighed by the jury. Lengthy skid marks do not necessitate a finding of speed as a matter of law. The appellants have relied upon our statement in *Rademan v. Rankin* (1961), 13 Wis. (2d) 319, 323, 108 N. W. (2d) 371. They point out that in that case we held

that skid marks of 32 feet, eight inches before the impact and 34 feet after the impact raised an inference of speed. It should be noted, however, that in the *Rademan Case* the skidding automobile pushed the other automobile sideways a distance of over 34 feet. Also, the trier of fact in the *Rademan Case* made a finding that there was excessive speed. We merely determined that the record contained evidence which supported such a finding. The *Rademan Case* does not stand for the proposition that skid marks of a particular length require a finding of excessive speed as a matter of law.

In *Milwaukee Automobile Mut. Ins. Co. v. Farmers Mut. Automobile Ins. Co.* (1957), 2 Wis. (2d) 205, 208, 85 N. W. (2d) 799, the court, in quoting *Kleckner v. Great American Indemnity Co.* (1950), 257 Wis. 574, 577, 44 N. W. (2d) 560, stated:

" 'The probative value of the testimony of witnesses is not destroyed by physical facts unless the physical facts are irrefutably established and permit of only one deduction.

" 'So frequently do unlooked-for results attend the meeting of interacting forces that courts should not indulge in arbitrary deductions from physical law and fact except where they appear to be so clear and irrefutable that no room is left for the entertainment, by reasonable minds, of any other. 20 Am. Jur., Evidence, p. 1034, sec. 1183.

" '. . . this court has heretofore had occasion to remark, in *Glatz v. Kroeger Bros. Co.* 168 Wis. 635, 170 N. W. 934, that when two automobiles come together on the highway a lot of surprising consequences flow, and an attempt to estimate the results of the forces involved, in such a way as to give a single interpretation to the physical facts, is always difficult and frequently impossible. [Citations omitted.]' "

In *Strnad v. Co-operative Ins. Mut.* (1949), 256 Wis. 261, 273, 40 N. W. (2d) 552, the court stated that:

"Long experience has shown that in all except in a very few cases the position of the cars and their condition after a collision has very little, if any, probative value."

See also *New Amsterdam Casualty Co. v. Farmers Mut. Automobile Ins. Co.* (1959), 5 Wis. (2d) 646, 94 N. W. (2d) 175. Cf. *Evjen v. Packer City Transit Line* (1960), 9 Wis. (2d) 153, 100 N. W. (2d) 580.

The physical facts in the case at bar do not necessitate a finding that Faber was speeding. The same set of facts could conceivably support a jury finding of negligent speed. However, where different inferences may reasonably be drawn from credible evidence, the question is for the jury, and its findings will not be disturbed. *Maccaux v. Princl* (1958), 3 Wis. (2d) 44, 87 N. W. (2d) 772; *Olson v. Milwaukee Automobile Ins. Co.* (1954), 266 Wis. 106, 62 N. W. (2d) 549, 63 N. W. (2d) 740.

There is one further point raised by the appellants with respect to Faber's speed. During the course of the trial, an offer of proof was made by the appellants. The offer was that a witness, Herbert Greitsch, who had not observed the automobiles involved in the accident but who had heard Faber's vehicle approaching the intersection, would testify that from his experience in listening to vehicles upon the highway he was able to determine whether a vehicle was traveling at a high rate of speed and that in his opinion Faber's vehicle was "traveling at a high rate of speed."

Mr. Greitsch was unable to see the accident because he was standing behind his home, which is located southeast of the intersection. In sustaining the objection to this testimony as to speed, the learned trial judge expressed the opinion that the proffered testimony was in the realm of conjecture and speculation. The noise produced by automobiles will vary significantly depending on such factors as wind condition,

the condition of the muffler, and the character of the tires. The trial judge stated:

". . . noise is not an inevitable concomitant of speed. A 1925 Dodge at 25 miles per hour could conceivably make more noise than a Ferrari at 100 miles per hour."

We share the doubt expressed by the trial court as to the admissibility of this testimony. In any event, it did not abuse its discretion in rejecting the offer. The determination to admit or reject testimony of an expert witness is discretionary with the trial court. *Henthorn v. M. G. C. Corp.* (1957), 1 Wis. (2d) 180, 190, 83 N. W. (2d) 759; *Neumann v. Evans* (1956), 272 Wis. 579, 586, 76 N. W. (2d) 322.

Furthermore, the substance of the offer of proof was successfully elicited from Mr. Greitsch despite the court's original ruling. Mr. Greitsch was permitted subsequently to testify that the sound produced by Faber's vehicle "was not a normal sound that you normally hear at regular speeds" and that he had made up his mind "that that car might be traveling fast." Thus, the rejection of the formal offer of proof would seem to have been immaterial. Insofar as it was in fact received, the value of Mr. Greitsch's testimony was for the jury, and its negative finding as to speed cannot be disturbed.

The appellants' last contention is that there is no credible evidence to support the jury's finding that Faber was not negligent with respect to having his vehicle properly lighted. Two passengers in an automobile which had been preceding the Faber car by 200 to 500 feet testified that they did not see any vehicle, or the lights of any vehicle, behind them. One of these witnesses made no observation to the rear; however, the other witness made several observations to the rear and saw neither headlight nor any automobile. On the other hand, Faber testified that his lights were on at all times prior to the collision. The headlight switch on Faber's vehicle was pulled out in an "on" position and bent over after

the collision. In view of this conflicting testimony, whether Faber's headlights were on was an issue for the jury, which they resolved in Faber's favor.

When a jury's findings are challenged on appeal, it is the function of this court to sustain them when there is any credible evidence which under any reasonable view supports such findings. *State ex rel. Isham v. Mullally* (1961), 15 Wis. (2d) 249, 112 N. W. (2d) 701.

*By the Court.*—Judgment affirmed.