GRANA, Administrator, Respondent, v. SUMMERFORD, Appellant.

*September 5—October 2, 1962.*

For the appellant there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil*.

For the respondent there was a brief by *Phillips & Richards* of Kenosha, and oral argument by *David L. Phillips*.

FAIRCHILD, J. Defendant contends that as a matter of law Grana was negligent with respect to turning left. It is said that the Summerford car must have been in Grana's range of vision; that he either did not look for an approaching car, or turned across the east half of the highway when Summerford's approach made it unsafe to do so.

This case was before this court on a prior appeal.[1] On the first trial the jury found Grana negligent as to lookout, but not negligent as to turning left. The trial court granted a new trial on the ground that these answers were inconsistent. We affirmed on that ground, and stated that there was evidence to support both the inconsistent answers. The

---

[1] *Grana v. Summerford* (1961), 12 Wis. (2d) 517, 107 N. W. (2d) 463.

evidence on the second trial, now before us, was more favorable to plaintiff, Grana's passenger having testified on the second trial, but not on the first.

Defendant's present contention is dependent upon his argument that it was conclusively established that the Summerford car was in sight at the time the left turn was made. We conclude that the evidence presented a question for the jury whether the car was in sight before Grana turned left out of his lane of travel.

Walter Zdamowicz was Grana's passenger. He testified that Grana turned left when right opposite the driveway, made the turn at five to 10 miles per hour, and that Grana's front wheels were in the driveway at the time of impact. Zdamowicz testified that when Grana made the turn there was no car in sight approaching from the south.

William McCoy testified that he had been behind Grana's car and when about 20 feet north of the driveway he passed Grana on the right-hand shoulder. McCoy testified that at that time he saw no car approaching from the south, but that when he was about 15 feet south of the driveway he saw the Summerford car which "seemed to leap over the hill." After Summerford passed McCoy, McCoy saw the collision in his rearview mirror.

Richard Greidamus was driving south ahead of Grana. He saw Summerford's car when Greidamus was half way from the Palmer driveway to the crest of the hill. "It was shimmying and weaving and coming fast." Greidamus was about 100 feet north of the crest of the hill when Summerford passed him, and almost immediately he heard the collision.

Vincent Musbach was working in his yard south of the crest of the hill when Summerford went by. He testified that he believed the car "was going between 70 and 75 miles an hour. It might have been more but I wouldn't say." The applicable speed limit was 50 miles per hour.

His driveway is about 400 feet from the Palmer driveway. About a second after he looked away from the Summerford car he heard the crash. Then he saw the Grana car "still in midair coming down."

Human testimony in direct conflict with established physical facts is incredible and will not support a verdict. However, this rule applies only when the physical facts are irrefutably established and permit of but one inference.[2] At 75 miles per hour, defendant would have traveled 330 feet in three seconds, and 385 feet in three and one-half seconds. At 90, he would have traveled 396 feet in three seconds and 462 in three and one-half seconds. There was no testimony as to the length of time it would take a car like Grana's to move from a position of safety in its right-hand lane, through a proper left turn and reach a position with its front wheels off the pavement to the east.

It was not irrefutably established that Grana's turn took less than three or three and one-half seconds, or that Summerford was traveling at no more than 75 miles per hour. Thus the physical facts do not compel the inference that Summerford's car was in view at the time Grana committed himself to his turn, and the testimony of Zdamowicz and McCoy supports the determination of the jury that it was not.

*By the Court.*—Judgment affirmed.

---

[2] *Seefluth v. Herman Mut. Ins. Co.* (1961), 12 Wis. (2d) 319, 324, 107 N. W. (2d) 289.