WISNESKI, Respondent, v. HERITAGE MUTUAL INSURANCE COMPANY and another, Appellants.

*April 8—May 7, 1968.*

704

For the appellants there were briefs by *Arpin & Goggin* of Neenah, and oral argument by *Daniel Goggin*.

For the respondent there was a brief by *Cooke & Loehning of Neenah*, and by *Fulton, Menn & Nehs* of Appleton, attorneys, and *Peter S. Nelson* of Appleton of counsel, and oral argument by *Mr. Nelson*.

CONNOR T. HANSEN, J. This appeal presents three issues:

(1) Whether the trial court erred in admitting the testimony of witness David Kramarczyk with respect to the location of impact and speed of defendant?

(2) Whether the trial court erred in refusing to find:

(a) plaintiff negligent as a matter of law with respect to the manner in which she executed her left turn?

(b) that plaintiff's negligence was as a matter of law at least equal to that of defendant?

(3) Whether the trial court erred in allowing plaintiff's counsel to quote, over objection, two questions and answers from defendant's adverse examination, while subsequently limiting defendants' counsel's use of such adverse examination?

(1) It is uncontroverted that David Kramarczyk actually witnessed the impact. Therefore, since the witness saw the impact he was qualified to testify as to the location thereof. Furthermore, he was subject to cross-examination on the subject and no objection to the admissibility of such testimony was entered until motions after verdict.

However, a different situation is presented in regard to the alleged error of the trial court in admitting the testimony of Kramarczyk that defendant was "speeding." This alleged error is grounded upon the testimony of the witness that he did not observe defendant's car until an instant before the impact.

The witness testified that immediately before the accident he was pushing his disabled vehicle along Midway Road, west of the intersection, facing a westerly direction. He testified that he heard the sound of squealing brakes and tires. When asked whether he was able to estimate the speed of defendant's car, Kramarczyk was allowed to state, over objection, that: "Well, I thought it was speeding at the time because from the sound we heard on the tires it sounded like he was going pretty fast."

In view of the position of the witness, we deem such statement to be too conclusory and speculative to be of any probative value and therefore it should not have been admitted into evidence. *Carstensen v. Faber* (1962), 17 Wis. 2d 242, 247, 248, 116 N. W. 2d 161.

In *Pagel v. Kees* (1964), 23 Wis. 2d 462, 468, 127 N. W. 2d 816, this court stated that where a witness is unable to judge the rate of speed because of his position, the shortness of observation, lack of reference points, or other reasons, his opinion is of no probative value and therefore it would be error to admit such testimony.

The more serious question for consideration is whether the admission of such testimony constituted prejudice to the cause of the defendant and its admission thereby demands disturbance of the jury verdict and resultant judgment.

"Prejudice is not to be presumed from error. It must appear. 'No judgment shall be reversed . . . for error as to any matter of pleading or procedure, unless in the opinion of the court . . . it shall appear that the error complained of has affected the substantial rights of the party seeking to reverse or set aside the judgment.'" *Kalb v. Luce* (1941), 239 Wis. 256, 260, 1 N. W. 2d 176; *Holtz v. Fogarty* (1955), 270 Wis. 647, 650, 72 N. W. 2d 411.

An examination of the record reflects that counsel for defendant conducted extensive and thorough cross-exam-

ination of Kramarczyk with respect to point of impact and speed, and a very clear and concise demonstration of the witness' minimal opportunity to observe the vehicles before the impact was before the jury. He made no positive statement as to actual speed.

Also, the record demonstrates considerable other credible evidence and testimony which gives rise to an inference that defendant may have been traveling faster than was reasonable under the circumstances and may have been negligent with respect to lookout. Included in such evidence was: A photograph of one of the vehicles; the testimony as to the damage to the respective vehicles; the defendant's admission that he was traveling 40 or 45 miles per hour in the rain and first saw plaintiff's vehicle 30 feet before impact; and finally the testimony that the accident occurred shortly before defendant was due to report for work. With an ultimate fact verdict, it is impossible for this court, on review, to precisely explain the particular elements of negligence found by the jury. Such a finding is not essential in this case since the apportionment of causal negligence is sustained by a reasonable view of the evidence. *See Pagel v. Kees, supra,* at page 466.

We, therefore, conclude that the admission of the observation of witness Kramarczyk as to the speed of the vehicle of the defendant was not prejudicial error.

(2) The defendant urges that the trial court erred in refusing to find the plaintiff negligent as a matter of law with respect to the manner in which she executed the left turn and that the negligence of the plaintiff was, as a matter of law, at least equal to that of the defendant.

From our examination of the record, we are of the opinion that the trial court properly declined to make such findings. The actual point of impact was in dispute and therefore becomes a jury question. The plaintiff testified that her car was "completely straightened

out" when the accident occurred in the right lane and about 147 feet south of the intersection.

Defendant Bricco testified the collision occurred in the intersection, although it appears he first saw the car of the plaintiff about 30 feet prior to the impact. His car finally came to rest about 270 feet south of the intersection.

Witness Kramarczyk testified that the impact occurred approximately 75 feet south of the intersection.

There is more than ample credible evidence to sustain the jury verdict under the standards of review established by this court. *Berg v. De Greef* (1967), 37 Wis. 2d 226, 231, 232, 155 N. W. 2d 7. In this case the apportionment of negligence was peculiarly for the jury and should not be set aside by us. *Zartner v. Scopp* (1965), 28 Wis. 2d 205, 211, 137 N. W. 2d 107. This case falls within the category of the great majority of automobile accident cases wherein the comparison of negligence is properly a jury determination. This court has been reluctant to change a jury's apportionment of negligence under comparative-negligence statutes. *Sailing v. Wallestad* (1966), 32 Wis. 2d 435, 438, 145 N. W. 2d 725.

(3) It is also contended that the trial court erred in allowing counsel for the plaintiff to quote, over objection, two questions and answers from defendant Bricco's adverse examination and then subsequently restricting counsel for defendant to the use of the adverse examination to clarify the two questions and answers.

The defendant had testified during the trial that the accident took place in the intersection. During cross-examination, two questions were read from the adverse examination of the defendant which reflected that the defendant had previously testified that he could not tell how far from the south edge of the intersection the accident took place.

These two questions were taken out of context. However, we do not consider the cause of the defendant prejudiced thereby for the reason that on re-direct examination the defendant again testified that the accident took place in the intersection and it was significantly demonstrated to the jury that the two questions were taken out of context.

Aside from considering the merits of this alleged error, the contention is not now reviewable as a matter of right inasmuch as it was not preserved by raising such before the trial court on motions after verdict. *Wells v. Dairyland Mut. Ins. Co.* (1956), 274 Wis. 505, 518, 80 N. W. 2d 380; *Kreklow v. Miller* (1967), 37 Wis. 2d 12, 23, 154 N. W. 2d 243.

*By the Court.*—Judgments affirmed.