Flynn and wife, Appellants, vs. City of Kaukauna,
Respondent.

*September 16—October 13, 1942.*

For the appellants there was a brief by *Martin, Clifford &
Dilweg* of Green Bay, and oral argument by *G. F. Clifford.*
*H. F. McAndrews* of Kaukauna, for the respondent.

Fowler, J.   The plaintiffs sue the city of Kaukauna to re-
cover damages sustained by them through a fire which burned
their icehouse and destroyed its contents.   The complaint

states that the fire was caused by explosion of fireworks set off on private property within the city limits. Sec. 340.70 (1), (2), Stats. 1941, prohibits the use of certain types of fireworks. Sub. (3), par. (a), of said section provides, so far as here material, that "fireworks other than those specified in subs. (1) and (2) . . . may be used and displayed only in open fields, public parks, private parks, or on rivers, lakes or ponds, by public authorities or by private persons or organizations that have been granted a permit for such a display by . . . the mayor of the city . . . wherein the display is to be given." The fireworks used were of the class covered by sub. (3). They were displayed on a place not covered by par. (a) of said subsection. The alleged basis of liability is that "the city of Kaukauna, and its authorized officers, negligently permitted and caused to be created and maintained a nuisance in the city of Kaukauna, by negligently authorizing and permitting the unlawful discharge of fireworks within the city limits of Kaukauna on property not authorized for such use." On demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action the court sustained the demurrer on the ground that in permitting the display the city was engaged in performance of a governmental function, and negligence in performance of such function does not impose liability.

The general proposition on which the trial judge based his decision is well established in this jurisdiction, and is so generally known that there is no need to cite the cases sustaining it. While the portion of the complaint quoted contains the word "negligently" it is plain, and counsel for appellants contend, that the fact relied on to impose liability is that the mayor of the city granted the permit in violation of the statutory provision stated and thereby created a public nuisance.

This is the point on which in our opinion the case turns. The mayor in granting the permit under the statute cited

acted not for the city, or as an arm of the city, but as an arm of the state pursuant to a power granted to him by the state to carry out the public policy of the state declared by the statute. The mayor was thus not the agent of the city, his act was not the act of the city, and his acts did not obligate the city. To this precise point are *Lincoln v. Boston,* 148 Mass. 578, 20 N. E. 329, 3 L. R. A. 257, and *Miller v. Clark,* 47 R. I. 13, 129 Atl. 606. We have examined all the cases in the briefs cited and no other case touches this point at all. Most of them go on the proposition that a city is not liable because its officers fail or neglect to prevent the creation of a nuisance by others. That is the rule of this state, as declared by *Little v. Madison,* when it was before the court the second time in 49 Wis. 605, 6 N. W. 249. Others are to the point whether when a common council or other legislative body of a municipality takes action under its own ordinance, or suspends the operation of its own ordinance, the municipality becomes liable for resulting injury. Others go on the proposition that where city officers participate in setting off fireworks their unauthorized acts do not render the city liable for resulting injuries.

While the two cases above cited are the only ones involving the use of fireworks there are many others sustaining the general proposition that where the legislature delegates to the named officers of a municipality to perform a public service not peculiarly local or corporate, the municipality is not liable for the results of performance of that duty by those officers. Many cases are cited to this effect in 38 Am. Jur. p. 291, note.

The case being decided on the above proposition there is no occasion to consider whether the rule applies that a municipality is not liable for acts of its agents in performing a public function when those acts create a nuisance.

*By the Court.*—The order of the circuit court is affirmed.