NEUMANN and wife, Respondents, vs. EVANS and another, Appellants. [Case No. 247.] *

NEUMANN, Administrator, Respondent, vs. SAME, Appellants. [Case No. 248.] *

NEUMANN, Guardian, Respondent, vs. SAME, Appellants. [Case No. 249.] *

WUERCH and wife, Respondents, vs. SAME, Appellants. [Case No. 250.] *

EVANS, Appellant, vs. RURAL MUTUAL CASUALTY COMPANY OF WISCONSIN, Respondent. [Case No. 251.] *

*March 8—April 3, 1956.*

* Motion for rehearing denied, with $25 costs, on June 5, 1956.

For the appellants there was a brief and oral argument by *John P. McGalloway* of Fond du Lac.

For the respondents, other than the Rural Mutual Casualty Company, there was a brief by *Harry Stel* of Markesan, and *Bogue & Sanderson* of Portage, and oral argument by. *David Bogue*.

For the respondent Rural Mutual Casualty Company there was a brief and oral argument by *Edward T. O'Neill* of Fond du Lac.

GEHL, J.  Evans contends that the court erred in submitting in the verdict questions which inquired as to his speed and lookout.  There was ample testimony to warrant submission of the questions and to support the jury's findings.  Evans himself testified that as he approached the blind intersection he was traveling at the rate of 60 or 63 miles per hour.  One witness testified that just before the collision Evans was traveling at the rate of from 75 to 85 miles per hour, a rate which the jury might well have found, as they did, to be unduly fast when considered with the fact that Evans was approaching a blind intersection with which he was familiar, *Roeske v. Schmitt* (1954), 266 Wis. 557, 64 N. W. (2d) 394.  As to lookout, Evans himself testified that he did not see the Neumann car until after the collision, which fact of itself supports the finding that he was negligent with respect to maintaining an efficient lookout.

It is the contention of Evans and his insurance carrier that the court erred in exonerating Neumann of negligence as a matter of law as to speed, management and control, and failure to yield the right of way.

There is no testimony to establish the fact or permit the inference that Neumann was driving at an excessive rate of speed as he crossed the intersection.  Plaintiffs' offered testimony of a witness, that at a point about one quarter of a mile east of the intersection Neumann was traveling at the

rate of 50 miles per hour, would not have established or permitted the inference that he was traveling at an excessive rate as he reached and crossed the intersection. Nor is there anything in the record which suggests that whatever his speed, it had any causal relationship with the collision. Evans contends that speed might have been inferred from the fact that Neumann was "going at a rate of speed high enough to render him unable to stop in the distance from the fence line 23 feet to the concrete." The trouble with that contention is that there is no testimony that he did not stop in that area or that he could not have done so.

Nor is there any testimony which would have supported a finding that Neumann was negligent as to management and control. The case of *Weber v. Mayer* (1954), 266 Wis. 241, 253, 63 N. W. (2d) 318, is directly in point. In that case a driver entering an intersection was found guilty as to lookout; we permitted the finding to stand, but held that under the circumstances, which for the purposes of the present discussion were identical with those present here, it was error to submit to the jury the question as to whether he was guilty as to management and control. Quoting from *Crawley v. Hill* (1948), 253 Wis. 294, 298, 34 N. W. (2d) 123, we said in language which is particularly applicable to the facts of this case that,—

"This is not a case where after a failure of lookout ceased the defendant in the management of his car was guilty of negligent management and control. If he was at the time negligent as to lookout and therefore did not see Crawley running into the lane of traffic until in the exercise of ordinary care he could do nothing to avoid the accident, the sole negligence is in respect to lookout and not as to management and control."

The trial court properly refused to submit to the jury a question as to whether Neumann was guilty of negligence as to management and control.

The court erred in the manner in which the question whether Neumann had failed to yield the right of way was treated. It is clear that the question whether Evans was guilty of negligence with respect to speed was for the jury. The jury would have been warranted in finding that the two drivers entered the intersection at approximately the same time. Evans was operating on an arterial highway and driving the vehicle on the right. He had the right of way and, unless he forfeited it by driving at an unlawful speed, the jury might have found Neumann guilty of negligence as to failing to yield it. Therefore, the verdict should have been prepared in such form as not to require a determination of whether Neumann failed to yield, if it had already been found by the jury that Evans by his speed had forfeited the right of way. We are of the opinion that if Evans had the right of way the evidence would permit the inference that Neumann failed to yield. See *Johnson v. Fireman's Fund Indemnity Co.* (1953), 264 Wis. 358, 59 N. W. (2d) 660.

Had this issue been correctly submitted, it is probable that by its answers the jury would have been affected in its apportionment of negligence. The error requires that there be a new trial.

A Miss Frieda Hein was called by Evans to testify on his behalf. She resided on the town road about a quarter of a mile east of the intersection. She testified that she saw a dark-colored car pass her home going west. She was asked whether she had formed any estimate as to the speed at which it was moving. An objection to the question was made and the question was withdrawn. She testified that after the car passed her home she heard a crash. An objection to a question as to how long after the car passed her home she heard the crash was sustained. She testified that after the crash she went to the intersection and saw the automobiles which had been involved in a collision. She testified that from the position she occupied she could see

a car plainly and distinctly passing her home; that the car which she saw was a dark car; she didn't just know what color. An effort was made by counsel for Evans to obtain her estimate as to the speed at which the car which she observed was traveling. Counsel offered to prove by her that the Neumann car passed her home at a speed of about 50 miles per hour and that she was sufficiently familiar with the operation of automobiles to enable her to estimate the speed thereof; that in a very few seconds after she saw the car pass her home she heard a crash, that she then left her home and went to the intersection and there identified one of the cars involved in the collision as the car which had passed her home. The court rejected the offer to prove. Evans contends that this was error.

Counsel for Neumann contend that the court properly rejected the offer because, first, the observation made by Miss Hein was at a point too remote from the point of impact, and second, that she had not qualified herself as a witness competent to testify as to the speed of the automobile. Whether evidence relating to facts too remote in point of time is to be rejected rests largely in the discretion of the trial court. 20 Am. Jur., Evidence, p. 243, sec. 249. There was no abuse of the court's discretion in rejecting the offer upon the ground that the facts sought to be proved were too remote in point of time, and that being the case, it is unnecessary for us to determine whether Miss Hein was qualified to estimate the speed of the Neumann car as it passed her home.

As we have stated, the trial court exonerated Neumann as a matter of law of negligence with respect to speed, management and control, and failure to yield the right of way. Questions which inquired as to these elements of negligence were included in the verdict as were the court's answers "No" to each of them. There was no occasion for such action. We regard it as being highly probable that the

jury was influenced thereby when it made its comparison of negligence of the respective parties. Respondents contend that it has been the common practice in automobile cases to submit the issues to the jury in this manner when the court has concluded that a question should be answered as a matter of law. We agree that such has been the practice where the court's answer is in the affirmative, and that it should be done in that case so as to enable the jury to make proper comparison of the negligence of the parties, but we do not recall that the practice has been followed where the court's answer is in the negative, nor do we perceive any reason why it should be done.

Respondents argue that the question was so treated by the court in its instructions to the jury that no prejudice resulted therefrom. We do not consider it necessary to consider that contention because, as we have already indicated, there must be a new trial on a different ground. We suggest that upon the new trial it would be a better practice not to include in the verdict the questions and answers to which we have referred.

In each of the cases except in No. 250, the jury was required to compare the negligence of the two drivers. Because of the error to which we have referred, the basis of the comparison was not correctly established.

The jury was not required to compare negligence of the drivers in Case No. 250 and, therefore, the judgment in that case should be affirmed.

It was necessary that the negligence of the drivers be compared in Cases Nos. 247, 248, and 251. There must be a new trial of those cases.

In Case No. 249 the jury awarded the surviving daughter of the Neumanns $10,000 for pecuniary loss on account of the death of her father and the same amount on account of the death of her mother. We have held that the jury's findings of negligence on the part of both drivers are supported

by the evidence. That fact renders them and their respective insurance carriers jointly liable to the daughter for the loss of her mother, and since the negligence of the two drivers, if it is to be considered in connection with the daughter's claim for her mother's death, need not be compared, that feature of her case need not be retried. However, there must be a retrial of the claim made by her for the death of her father because the matter of comparison does enter into the consideration of that feature of her case.

No attack is made in any of the cases upon the awards of damages, whether stipulated, found by the court, or assessed by the jury. There is, therefore, no need for a redetermination of those issues.

*By the Court.*—Judgment in Case No. 250 is affirmed. The judgment in Case No. 249 in so far as it awards $10,000 to the plaintiff on account of the death of her mother is affirmed; in so far as it awards damages on account of the death of the plaintiff's father it is reversed, and the cause remanded for a new trial upon issues to be submitted in accordance with this opinion. Judgments in Cases Nos. 247, 248, and 251 are reversed, and the causes remanded for new trials upon issues to be submitted in accordance with this opinion.