DYKSTRA and another, Appellants, v. CUDAHY BROTHERS COMPANY and another, Respondents.

*March 8—April 4, 1961.*

For the appellants there were briefs by *Brach & Wheeler,* and oral argument by *Fred W. Wheeler* and by *Roger W. Hoffman,* all of Racine.

For the respondents there was a brief by *Whaley & Whaley* of Racine, and oral argument by *Vilas H. Whaley* and *John W. Whaley.*

FAIRCHILD, J. 1. *Form of order.* "No order granting a new trial in the interest of justice shall be valid or effective, unless the reasons that prompted the court to make such order are set forth in detail therein." [1]

We have held that, "if the reasons for granting a new trial in the interest of justice are set forth in detail by the trial court in a memorandum opinion, the order itself will comply with the statute if it incorporates by reference such reasons stated in the memorandum opinion." [2]

2. *No abuse of discretion.* The circuit court was of the opinion that Dr. Jones' testimony was not of sufficient probative value to sustain the jury's finding that Mrs. Dykstra's internal difficulties were caused by the collision. Judge GOODLAND considered it unfortunate that Dr. Steffen was not available to testify, and suggested that at a new trial she could assist the court and jury in arriving at a just determination of the controversy. Dr. Jones' testimony upon the matter of causation was somewhat ambiguous. Judge GOODLAND also stated that, assuming that her testimony was sufficient to justify the jury in awarding damages for all

[1] Sec. 270.49 (2), Stats.
[2] *Cary v. Klabunde* (1961), 12 Wis. (2d) 267, 270, 107 N. W. (2d) 142; *Goldenberg v. Daane,* ante, p. 98, 108 N. W. (2d) 187.

claimed injuries, the amount awarded to the Dykstras was "so excessive that it reflects passion and prejudice on the part of the jury in favor of the plaintiffs" and that the verdict is perverse.

With respect to a claim of defendants that the court erred in finding Moss negligent as a matter of law with respect to making a right turn, the court acknowledged that a change in the form of the applicable statute had gone into effect shortly after the accident so that the earlier form would control and reserved the right to decide on retrial whether the manner in which Moss made the right turn presented a jury question, or should be answered by the court as a matter of law.

"It is well settled in this state that a new trial granted in the interests of justice is a highly discretionary order, and that, while it is not beyond the power of this court to review it, nevertheless in order to reverse, it must clearly appear that there was an abuse of discretion." [3]

We cannot find an abuse of discretion here.

Plaintiffs contend that the court should have given them an option to accept a reasonable amount determined by the court as an alternative to a new trial. The rule permitting such an option, however, applies "where an excessive verdict is not due to perversity or prejudice, and is not the result of error occurring during the course of trial." [4]

3. *Request for review.* Defendants request a review of the denial of their motion for a nonsuit. This motion, made at the close of plaintiffs' evidence in chief, did not go to the entire cause of action of either plaintiff, but only to the damages resulting from Mrs. Dykstra's internal difficulties.

---

[3] *Bolssen v. Heenan* (1958), 3 Wis. (2d) 110, 116, 88 N. W. (2d) 32.

[4] *Powers v. Allstate Ins. Co.* (1960), 10 Wis. (2d) 78, 91, 102 N. W. (2d) 393. `

It is evidently conceded that plaintiffs had produced evidence sufficient to support findings which would result in liability of defendants for her bruises and for damage to the car. The record does not disclose that defendants subsequently made any motion, or any request for instructions which would renew their claim that plaintiffs had failed to prove any causal connection between the collision and the internal condition. It does show that both counsel approved the form of special verdict containing a question as to damages for Mr. Dykstra's loss of services and society of his wife, and a question answered by the court as to medical and hospital expenses. The sufficiency of plaintiffs' medical testimony on causation is a close question. There will be a new trial at which the question of damages can be fully litigated. Under the circumstances, we see no reason to require that the question of damages for the internal condition be excluded from the new trial.

*By the Court.*—Order affirmed.