KRAUSE, Respondent, v. HARTWIG and wife, Appellants.

*September 6—October 3, 1961.*

For the appellants there was a brief by *Smith, Miller & Eberhardt* of Jefferson, and oral argument by *Richard C. Smith*.

For the respondent there was a brief by *Skinner & Thauer* of Watertown, and oral argument by *Richard C. Thauer*.

DIETERICH, J.    The sole issue is whether there is a substantial issue of fact to be tried.

Reformation is an equitable action and the main object of equitable jurisdiction is to effectuate the intentions of the parties to the instrument in question. A mutual mistake made by the parties to the instrument which would defeat such intentions should be corrected in equity for the purpose

of putting in effect such an intention. This is necessarily so even though the parties knew what words were employed and their ordinary meaning. *Shearer v. Pringle* (1930), 203 Wis. 164, 233 N. W. 623.

The pleadings and the affidavits present a substantial issue of fact as to whether the waivers apply only to the work done prior to April 6, 1959, or whether they affect all work done to its conclusion.

The power of the courts under the summary-judgment statute, sec. 270.635, is well settled in the state of Wisconsin and needs no further review as pertaining to the facts in this case. For a review of the cases on summary judgment, see *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N. W. (2d) 9, and *Zezblatt v. Sampson* (1961), 12 Wis. (2d) 303, 107 N. W. (2d) 122.

The order of the lower court is affirmed.

*By the Court.*—Order affirmed.