NORTHERN PACIFIC RAILWAY COMPANY, Plaintiff, v. KNAUF & TESCH COMPANY, Defendant.

*June 5—June 29, 1962.*

For the plaintiff there was a brief by *Johnson, Fritschler, Barstow & Witkin* of Superior, attorneys, and *Earl F. Requa* and *H. B. Krengel,* both of St. Paul, Minnesota, of counsel, and oral argument by *Barney B. Barstow.*

For the defendant there were briefs by *Immell, Herro, Buehner & DeWitt* of Madison, and oral argument by *Norman C. Herro* and *Jack R. DeWitt.*

DIETERICH, J. The record in both actions is identical except with regard to the amounts of millet shipped and the value of the shipping charges for such transportation, hence this decision shall apply to both actions.

In a summary-judgment case the sole issue is whether there is a substantial issue of fact to be tried. *Krause v. Hartwig* (1961), 14 Wis. (2d) 281, 111 N. W. (2d) 138.

Northern Pacific Railway's affidavit stated that the commodity shipped by it for Knauf & Tesch was identical to the commodity which the interstate commerce commission determined to be subject to the higher tariff rate in its decision of December 5, 1960. In that case the interstate commerce commission found that the shipments consisted of millet seed as distinguished from bird food or birdseed. The counter-affidavit by Knauf & Tesch states that the affidavit by Northern Pacific Railway did not state evidentiary facts to support its conclusion that the millet shipped by Knauf & Tesch was identical to that which was the subject of the interstate commerce commission determination.

The affidavits fail to establish that the commodity in the interstate commerce commission action and this one was the same, therefore, the interstate commerce commission decision is not controlling, and we are not concerned with the merits or factual situation in that action. Since the interstate commerce commission decision is not determinative of the facts in this action we are left with the original question, to wit, whether the commodity shipped was millet seed or bird food. Thus an issue of fact remains to be determined. This was the decision of the trial court and we agree.

The ultimate use of the millet shipped by Knauf & Tesch was material in determining whether it was millet seed or bird food. By affidavit Knauf & Tesch stated that the entire sale and use of the millet was for bird food or birdseed. That the shipments were in their entirety purchased, sold, billed, shipped, and used as bird food, that over 90 percent of all millet raised in the United States is intended for and used for bird food, and that less than 10 percent is raised for seed millet, that is for reproduction.

The conclusions set forth in the defendant's affidavits do not meet the statutory requirements. The statute [1] provides

[1] Sec. 270.635 (2). "The judgment may be entered in favor of either party, on motion, upon the affidavit of any person who has

that summary judgment may be entered in favor of either party on motion upon the affidavit of any person who has knowledge thereof setting forth such evidentiary facts, including documents or copies thereof. Thus, the affidavit cannot be accepted as a verity in support of the defendant's motion for summary judgment.

An affidavit on summary judgment must state evidentiary facts, not statements expressing the conclusions of the affiant from his knowledge of the evidence. *Krause v. Western Casualty & Surety Co.* (1958), 3 Wis. (2d) 61, 87 N. W. (2d) 875; *Zastrow v. Brown Deer* (1960), 9 Wis. (2d) 100, 100 N. W. (2d) 359; and *Kubiak v. General Accident, Fire & Life Assur. Corp.* (1962), 15 Wis. (2d) 344, 113 N. W. (2d) 46.

The notice of Northern Pacific for a stay of proceedings pending a determination by the interstate commerce commission of the same issues included an affidavit stating that numerous lawsuits involving the same issue as the instant actions have been commenced by various railroads against various defendants in state, federal, and municipal courts in several states, that in three actions pending in the federal district court for North Dakota orders had been entered in each action staying proceedings pending the conclusion of proceedings before the interstate commerce commission.

When the facts are in dispute or the words of the tariff rate are used in a special sense as in the instant action, primary jurisdiction rests with the interstate commerce commission. *Chicago, M., St. P. & P. R. Co. v. Ricketson Mineral Color Works* (1935), 218 Wis. 37, 39, 259 N. W. 722, and *United States v. Western Pacific R. Co.* (1956), 352 U. S. 59, 77 Sup. Ct. 161, 1 L. Ed. (2d) 126.

In the interest of a uniform and expert administration of the regulations laid down by the Interstate Commerce Com-

---

knowledge thereof, setting forth such evidentiary facts, including documents or copies thereof, . . ."

mission Act, we determine that the issue presented in the instant actions requires administrative proceedings before the interstate commerce commission and that such proceedings be commenced by the plaintiff without delay so that a determination of the applicable tariff rate as to the commodity involved can be had at the earliest possible date.

It therefore necessarily follows that the stay of proceedings issued by the trial court continue until the administrative proceedings before the interstate commerce commission are concluded.

*By the Court.*—Orders denying summary judgment in both actions are affirmed. Orders granting stay of proceedings in both actions are affirmed.

FAIRCHILD, J., took no part.