HALSTED, Appellant, v. KOSNAR and another, Respondents.

*November 26, 1962—January 8, 1963.*

For the appellant there was a brief by *Moran & Richardson* of Delavan, and oral argument by *Rodney G. Richardson, Jr.*

For the respondents there was a brief by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *James R. Faulds* and *John P. Duffy.*

GORDON, J.

### *Counsel's Argument as to Damages.*

Upon this appeal we are confronted with the problem of determining whether an attorney is to be restricted as to the amount of money he asks from the jury for his client's pain and suffering. The problem also involves not only how much the plaintiff asks but how little the defendant proposes.

In *Affett v. Milwaukee & S. T. Corp.* (1960), 11 Wis. (2d) 604, 614, 106 N. W. (2d) 274, the court said it was proper for counsel to argue for a lump sum which "he believed the evidence would fairly and reasonably sustain." Subsequently, in *Walker v. Baker* (1961), 13 Wis. (2d) 637, 651, 652, 109 N. W. (2d) 499, we held that plaintiff's counsel was not acting improperly when, in his final argument to the jury, he said: "I am asking you to consider $25,000." The court then quoted the following from the *Affett Case, supra,* at page 613:

"The present rule for measuring damage is as fixed as the nature of the subject matter will permit. True, counsel should be entitled to a reasonable latitude in argument and in commenting on the evidence, its nature and effect, and may make proper inferences which may reasonably arise from the evidence."

In the instant case, the trial judge has further restricted the rule announced in the *Affett Case* and the *Walker Case*

by providing that counsel may argue for only such lump sum of money as the *trial judge* deems to be supported by the evidence. In our opinion, it is consistent with the concept of "reasonable latitude in argument" that counsel be permitted to urge upon the jurors such figure as he considers to be fairly supported by the evidence.

The test as to what is permissible by way of counsel's argument in presenting his lump-sum figure for pain and suffering must be a subjective one. If the attorney argues to the jury that a certain figure is sustained by the evidence, neither his good faith nor his ethics should be subjected to posttrial challenge. We reject the learned trial judge's suggestion that the request for a figure larger or lower than the court would later sustain constitutes a violation of the attorney's oath. The measurement of pain and suffering is so patently thorny that the yardstick used by counsel should not be condemned merely because the court considers it to long or too short.

We recognize that there are plaintiffs' lawyers who demand "boxcar" figures and defendants' lawyers who propose absurdly low awards. If we have faith in the jury system we must assume that jurors properly instructed will apply their common sense and reject the extremes to which partisan advocates may stretch. In our opinion, excessive demands, either too high or too low, will normally backfire. In those instances in which jurors reach a conclusion which is beyond the range of reasonableness, the law affords relief—both in the trial court and on appeal.

Although there should be broad latitude regarding the lump sum which counsel may urge upon the jurors, it does not follow that appeals to passion may be made in connection with damages. For example, in *Larson v. Hanson* (1932), 207 Wis. 485, 489, 242 N. W. 184, the following statement was made by counsel: "There is not a man of you that would trade his left hip for $30,000." We held that

this argument was improper and constituted one of the grounds for the granting of a new trial.

The Illinois court addressed itself to the problem of the propriety of arguing a lump-sum figure to the jury in *Graham v. Mattoon City R. Co.* (1908), 234 Ill. 483, 491, 84 N. E. 1070, and stated:

> "We do not think that there is any valid objection to counsel, in argument, telling the jury what, under the evidence, counsel considers a fair compensation for the injuries received."

Recently the Illinois court again considered this problem in *Caley v. Manicke* (1962), 24 Ill. (2d) 390, 394, 182 N. E. (2d) 206. The court noted that ". . . it has been the accepted practice and custom for counsel to suggest a total monetary award for pain and suffering." The court concluded that such practice did not constitute improper argument. A similar result was recently reached by the New Hampshire court in *Duguay v. Gelinas* (1962), 104 N. H. 182, 182 Atl. (2d) 451, 454.

In *Caylor v. Atchison, T. & S. F. R. Co.* (1962), 190 Kan. 261, 374 Pac. (2d) 53, 54, the Kansas court stated:

> "In this jurisdiction there is no valid objection to counsel, in argument, telling the jury what, under the evidence, counsel considers a fair compensation for the injuries received. It is customary for counsel in argument to suggest a total monetary award for pain and suffering."

We hold that the trial court erred in granting a new trial because of the amount of damages requested by counsel. No two attorneys on opposite sides of a personal-injury case are likely to agree as to what the damage award should be. The trial judge concluded that the jury's award of $13,000, while high, could not be labeled excessive. In view of this fact, the trial judge exceeded the bounds of discretion in determining that counsel's request for a higher figure

warranted a new trial in the interests of justice. A new trial in the interests of justice is discretionary, but it may be upset on appeal where it is based on an erroneous conception of the law. *Dykstra v. Cudahy Brothers Co.* (1961), 13 Wis. (2d) 275, 279, 108 N. W. (2d) 526; *Huebner v. Fischer* (1939), 232 Wis. 600, 603, 288 N. W. 254.

### *Jury's Findings as to Negligence.*

The defendants also urge that a new trial was necessary because the jury found that there was no negligence on the part of the plaintiff as to speed; it is contended that this finding was contrary to the evidence. This argument is based upon the fact that there was testimony that the plaintiff's car was traveling at a speed greater than that of the car operated by the defendant driver. The defendants argue that the jury found the driver of the slower-moving vehicle negligent with reference to speed, yet exonerated the plaintiff of negligence in this respect even though he was going at a greater speed. The jury was undoubtedly mindful of the respective speeds of the two vehicles. The jury may properly have been influenced on the question of speed by the fact that the plaintiff had the benefit of the directional right-of-way. The trial court concluded that "the jury's finding of nonnegligent speed on Halsted's part should be permitted to stand, although it comes close to being against the great weight of the evidence." The difference between the two drivers' speeds is not sufficiently significant so as to impel us to declare that there has been a miscarriage of justice.

Another contention of the defendants is that they were prejudiced in the comparison of negligence because the trial court found the defendant driver negligent with respect to lookout as a matter of law, but the court submitted to the jury the question of negligence as to lookout on the part of the plaintiff. The jury reached an affirmative find-

ing of negligence upon the plaintiff with regard to lookout. This form of submission by the trial court was approved in *Neumann v. Evans* (1956), 272 Wis. 579, 587, 76 N. W. (2d) 322, and we find no error in the manner of submitting the question of lookout. The application by the defendants that this court grant a new trial pursuant to its discretionary power under sec. 251.09, Stats., must be denied.

*By the Court.*—Order reversed; cause remanded with instructions to enter judgment upon the jury verdict.