CLARK and wife, Appellants, v. MORU and wife, Respondents.

*March 5—April 2, 1963.*

For the appellants there was a brief by *Vaudreuil & Vaudreuil* of Kenosha, and oral argument by *Leo E. Vaudreuil*.

For the respondents there was a brief by *Brookhouse & Kupfer* and *Mittelstaed, Heide, Sheldon & Hartley,* all of Kenosha, and oral argument by *Andrew R. Brookhouse*.

GORDON, J. The trial court, sitting without a jury, found that there was a unilateral mistake on the part of the plaintiffs as to the location of their western boundary line. Judge BAKER also found as a fact that at the time of the closing of the transaction the purchasers accepted the terminology of the deed as the description of the parcel of land being purchased. The trial court further determined that the plaintiffs' mistake as to the location of the western boundary line was not justified.

The foregoing findings cannot be set aside unless they are against the great weight and clear preponderance of the

evidence. *Estate of Kitz* (1961), 13 Wis. (2d) 49, 58, 108 N. W. (2d) 116; *Weber v. Kole* (1959), 7 Wis. (2d) 107, 108, 95 N. W. (2d) 784.

We can understand the appellants' side of the story. Mr. Clark was taken to the property by Mr. Moru's agent, and the property he expected to buy had already been staked out and was pointed to by the agent. The portion of land under discussion at that time was the same that Mr. Clark now contends should be awarded to him in these proceedings.

In addition, Mr. Moru's attorney sent to Mr. Clark's attorney a description of the property which conformed to the surveyor's stakes; this fortified Mr. Clark's understanding that he would receive a conveyance that included the 65-foot strip of land which is in question upon this appeal.

However, there is credible testimony that at the closing conference there was discussion as to the amount of land which was to be conveyed. Both the buyers and the sellers were present at the closing conference, with their respective attorneys. Mr. Moru testified that at the closing conference he stated that the amount of land which he was willing to sell for the given price was not the 42 acres which his attorney had previously written about, but rather was only 40 acres. Thereupon the deed was read aloud by Mr. Hammond (Moru's attorney), and when asked how much land that description encompassed, Mr. Hammond answered that it contained 39¾ acres.

Mr. Hammond also testified that he stated at the closing conference that the description of the deed took away two acres from the total which had been described in his previous letter to the appellants' attorney.

At the closing of the sale, the appellants' attention was called to the fact that there was to be a change in the amount of property actually being conveyed to them. Undoubtedly,

they could have refused to consummate the sale. Their failure to investigate the effect of the change in the description represents a unilateral error on their part. There is no claim of fraud.

There is evidence to sustain the trial court's conclusion that there was neither fraud nor mutual mistake; accordingly, the plaintiffs are not entitled to reformation of the deed. In *Langer v. Stegerwald Lumber Co.* (1952), 262 Wis. 383, 391a, 55 N. W. (2d) 389, 56 N. W. (2d) 512, we said:

"This court in *Chicago, St. P., M. & O. R. Co. v. Bystrom* (1917), 165 Wis. 125, 161 N. W. 358, laid down the rule with respect to when it is proper for a court to reform a contract for mistake as follows (p. 133):

" 'In order to reform a contract on the ground of mistake the general rule is that the mistake must be mutual, or mistake on one side and fraud on the other.' "

This principle was also applied in *Lange v. Andrus* (1957), 1 Wis. (2d) 13, 16, 83 N. W. (2d) 140.

The plaintiffs' failure to explore the effect of the change in the description forecloses them from asserting an estoppel upon the defendants. In *Wussow v. Badger State Bank* (1931), 204 Wis. 467, 474, 234 N. W. 720, this court said:

"The right to assert an estoppel in equity does not arise unless the one asserting it has acted with due diligence."

The same principle was applied in *Thorp Finance Corp. v. LeMire* (1953), 264 Wis. 220, 228, 58 N. W. (2d) 641. The doctrine of estoppel is not available to the plaintiffs because the plaintiffs were put on inquiry as to the correct boundary line when the issue as to the total amount of land was raised at the closing conference. In our opinion, the plaintiffs simply failed to exercise due diligence and are not entitled to estop the defendants from enforcing the true

boundary. We are persuaded that the trial court's findings are not against the great weight and clear preponderance of the evidence.

*By the Court.*—Judgment affirmed.

Wilkie, J., took no part.