GUINTHER and another, Respondents, v. SCHUCHT and another, Appellants.

*November 24, 1964—January 5, 1965.*

For the appellants there was a brief by *Allan & Storck* of Mayville, and oral argument by *Robert E. Storck.*

For the respondents there was a brief by *Grootemaat, Cook & Franke,* attorneys, and *Francis R. Croak* of counsel, all of Milwaukee, and oral argument by *Mr. Croak.*

WILKIE, J. The sole issue presented on this appeal is whether the evidence sustains the trial court's finding that Schucht was causally negligent in operating his truck with a defective hoist mechanism. It is axiomatic that the trial court's findings will not be disturbed unless they are against the great weight and clear preponderance of the evidence.[1] The evidence must be reviewed from the standpoint most favorable to respondent.[2] In finding Schucht negligent, the

[1] *Tiedeman v. Middleton* (1964), 25 Wis. (2d) 443, 130 N. W. (2d) 783; *Estate of Beat* (1964), 25 Wis. (2d) 315, 130 N. W. (2d) 739.
[2] *Ruid v. Davis* (1959), 8 Wis. (2d) 288, 99 N. W. (2d) 129; *Henthorn v. M. G. C. Corp.* (1957), 1 Wis. (2d) 180, 83 N. W. (2d) 759.

trial judge admittedly relied heavily on the testimony of Downing and Ratz. Since their combined testimony is the only evidence introduced from which it could be inferred that there actually was a defect in the ram, and further since Downing's testimony was the only evidence which would indicate that Schucht was aware of any defect, the judgment must stand or fall on the sufficiency of this evidence.

Appellants assail the credibility of Downing's testimony in several respects. First, appellants argue that the reference on direct examination to "ramps" rather than "rams" indicates a vague recollection on the part of the witness. This highly technical argument ignores the sum and substance of the testimony. Furthermore, on cross-examination Downing correctly referred to the mechanism as a "ram." Second, appellant Schucht argues that his own testimony that he did not remember speaking to Downing and that he had never had any trouble with the ram sufficiently rebutted Downing's story. A mere failure by Schucht to recall any conversation does not cast fatal doubt upon Downing's testimony. An issue of credibility was fairly raised to be resolved by the trier of fact. Furthermore, Schucht's testimony that he had no previous trouble with the ram does not of itself negate Downing's story. The trier of fact judges the credibility of the witnesses and the weight of the testimony.[3] Downing's recollection is consistent with Ratz's assertion that the right ram was defective when he purchased the truck and that it ultimately collapsed, and the trial judge could reasonably rely on his testimony. Third, appellants claim that developments subsequent to the accident wherein the truck neither required repairs nor experienced further trouble controvert

---

[3] *Ace Associates v. Nagy* (1961), 13 Wis. (2d) 612, 109 N. W. (2d) 359; *Estate of Fillar* (1960), 10 Wis. (2d) 141, 102 N. W. (2d) 210.

Downing's testimony. That the ram was being repaired when Ratz obtained the truck and that the ram subsequently fell apart, tend to refute Schucht's story and the judge could rightly have placed greater reliance on this evidence.

Appellants next urge that Ratz's testimony concerning the troubles he had with the truck was immaterial because it related to facts too remote from the accident in point of time. Whether this evidence is to be rejected rests largely in the discretion of the trial court.[4] Ratz purchased the truck about two and a quarter months after the accident and began noticing difficulties immediately thereafter. The ram completely gave way a short time after that. It cannot be said, on these facts, that the trial court abused its discretion in admitting Ratz's testimony.

Appellants finally contend that since Schucht provided a "logical explanation" for the accident, *i.e.,* the pitch of the road combined with a soft spot in the street, the trial court's finding was based on pure conjecture or speculation.[5] The record is barren of any evidence which would sustain Schucht's explanation. The fact that there was a four-to-six-inch gouge in the road at the place the right rear wheel rested does not of itself prove that the road contained a soft spot. The indention could have been caused merely by the overturning of the truck which was carrying a 15-ton load, regardless of the firmness of the ground.

In substance, this case turns on the credibility of the witnesses and the inferences to be drawn from the evidence. It is the function of the trier of fact to pass on such credibility and to weigh and draw the inferences. Deference should be paid to the trial court's judgment in this case.

---

[4] *Neumann v. Evans* (1956), 272 Wis. 579, 76 N. W. (2d) 322.
[5] Relying on *Frenzel v. First National Ins. Co.* (1954), 267 Wis. 642, 66 N. W. (2d) 679.

Despite the conflicting evidence, the judicial mind, upon consideration of the evidence as a whole, could have reasonably arrived at the same result reached below.[6]

*By the Court.*—Judgment affirmed.

---

[6] *C. Hennecke Co. v. Cardinal Boiler. & Welding Corp.* (1962), 16 Wis. (2d) 493, 114 N. W. (2d) 869; *Estate of Larsen* (1959), 7 Wis. (2d) 263, 96 N. W. (2d) 489.