QUICK and another, Appellants, v. AMERICAN LEGION 1960 CONVENTION CORPORATION and another, Respondents.

*September 7—October 3, 1967.*

For the appellants there was a brief by *Hanaway & Ross* of Green Bay, and oral argument by *Carl T. Hanaway.*

For the respondents there was a brief by *Davis, Soquet & Cherney* of Green Bay, and oral argument by *Donald E. Soquet.*

HEFFERNAN, J.

*Standards employed when reviewing an order for a new trial in the interests of justice.*

When a trial judge has ordered a new trial in the interests of justice that order will be affirmed unless there is a clear showing of an abuse of discretion. *Van Gheem v. Chicago & N. W. Ry.* (1967), 33 Wis. 2d 231, 236, 147 N. W. 2d 237. Though it is within the power of this court to reverse, such an order will be reversed only upon the showing of a clear abuse of discretion. *McPhillips v. Blomgren* (1966), 30 Wis. 2d 134, 140 N. W.

2d 267; *Combs v. Peters* (1964), 23 Wis. 2d 629, 127 N. W. 2d 750, 129 N. W. 2d 174; *Zernia v. Capitol Court Corp.* (1963), 21 Wis. 2d 164, 124 N. W. 2d 86, 125 N. W. 2d 705; *Birnamwood Oil Co. v. Arrowhead Asso.* (1961), 14 Wis. 2d 657, 112 N. W. 2d 185; *Bolssen v. Heenan* (1958), 3 Wis. 2d 110, 88 N. W. 2d 32. This court, however, seeks not to sustain the verdict of the jury, but looks for reasons to sustain the findings and order of the trial judge. *McFarlin v. Hewitt* (1958), 5 Wis. 2d 488, 493, 93 N. W. 2d 445; *Van Gheem, supra,* page 236. Only when it becomes apparent that the trial judge grounds his decision for a new trial upon an erroneous view of the law, does this court take the position that the judge's determination on this question ceases to be discretionary. *Huebner v. Fischer* (1939), 232 Wis. 600, 603, 288 N. W. 254; *Halsted v. Kosnar* (1963), 18 Wis. 2d 348, 354, 118 N. W. 2d 864.

If one ground relied upon by the trial court in granting a new trial in the interests of justice is sufficient, the order of the trial court will be affirmed. *Hillstead v. Shaw* (1967), 34 Wis. 2d 643, 648, 150 N. W. 2d 313; *McFarlin v. Hewitt, supra.* Where the answer to one material question shows that the jury answered perversely, the court should set aside the entire verdict unless it is satisfied that the answers to other questions were not affected by such perversity. *Mauermann v. Dixon* (1935), 217 Wis. 29, 34, 258 N. W. 352; *Grammoll v. Last* (1935), 218 Wis. 621, 632, 261 N. W. 719; *Schweiner v. Kralovetz* (1934), 216 Wis. 542, 545, 257 N. W. 449.

*Did the verdict taken as a whole reflect such perversity that the trial judge properly set it aside in toto and ordered a trial on all issues?*

It was the trial judge's conclusion that the damage verdict was so excessive as to be "a shock to judicial conscience." He stated:

"It is far beyond anything which a conscientious, properly instructed jury could allow upon the great weight and preponderance of the credible evidence . . . . The award is so clearly high and so grossly disproportionate to Mrs. Quick's personal injury and residuals as to indicate perverseness on the part of the jury."

He concluded that, even under the rule that the evidence must be considered in light most favorable to Gail Quick, damages were excessive and contrary to the great weight and clear preponderance of the evidence.

Since the order of the court must clearly be affirmed on the basis of the other reasons given by the trial judge, a detailed exploration of the evidence in regard to damages need not be made in this opinion. Suffice it to say that the evidence viewed as a whole in regard to the injuries sustained by Gail Quick does not lead us to conclude that the trial judge so clearly abused his discretion in finding those damages were excessive that we would reverse on that ground. There was evidence and medical testimony that Gail Quick's present disability, including the back pain, was occasioned by the firecracker explosion. That evidence was not incredible. On the other hand, the defendants submitted evidence that would lead to the opposite conclusion. Neither the plaintiff nor the defendants' position was founded upon clearly incredible evidence. Since the ultimate determination of damages will have to abide a new trial, it would be pointless to make an extended analysis of what was presented in the instant case when in all probability the evidence in a new trial may well vary to some degree and our view of the damages herein would not be controlling in the retrial. We conclude that the other reasons given by the trial judge are overwhelmingly persuasive that a new trial should be granted.

The jury was asked whether the firecracker which caused the injury was dropped or thrown from the Waupaca locomotive float. That question was answered

affirmatively. The trial judge, prior to the submission of the verdict to the jury, properly refused to answer that question affirmatively because the record demonstrates that there were other firecrackers exploding in the vicinity that did not clearly originate from the Waupaca float. Nevertheless, there was credible evidence to sustain the jury's answer finding that the firecracker did originate on the Waupaca float. The jury, however, having answered the first question, "Yes," nevertheless proceeded to give a negative answer to the second question, which inquired, "Was the Waupaca Society of 40 and 8 negligent in allowing the firecracker in question to be thrown or dropped from its said float?"

The negative answer to this question, as the trial court stated, is clearly perverse in view of the judge's instructions, which were approved by both plaintiff and defendants. The most significant portion of the instruction with respect to the second question was the court's statement that there was in force at the time of the injury a statute of the state of Wisconsin (sec. 167.10 (1), Stats.). The court, quoting that statute, stated, " 'It is unlawful for any person to . . . use . . . discharge or explode any firecrackers . . . within the state of Wisconsin . . . .' " The trial judge pointed out that the statute and a Green Bay ordinance pursuant thereto were safety regulations. He further stated, "You are instructed that a person who fails to comply with such a statute is negligent . . . ."

It is apparent that the jury either chose to ignore the instructions or, because of the defective framing of the special verdict, were forced to elect whether to find the Waupaca 40 and 8 negligent or, alternatively and exclusively, the American Legion Convention Corporation. The trial judge concluded that the framing of the verdict might have affected the jury's decision in regard to the second question. The trial judge did not abuse his discretion in so concluding.

The third question of the special verdict was framed in the following manner:

"If you answer 'No' to the Second Question, then answer this question: Was the American Legion Convention Corporation negligent in its management and control of the parade in allowing the firecracker in question to be thrown or dropped from the said Waupaca float?"

This question was answered affirmatively. It is apparent that, if the jury considered the American Legion Convention Corporation negligent, it could only get to that question if it found the Waupaca 40 and 8 not negligent. Though the jury were to conclude that both of the defendants were negligent, the format of the question permitted a finding of negligence only as to one. Clearly, this was an inadvertence on the part of the court and of trial counsel, and the effect of the phraseology of the verdict was overlooked by them. The trial judge stated:

"You will note, members of the jury, that Questions Two and Three of the verdict inquire whether the Waupaca Society of 40 and 8 and the American Legion Convention Corporation, either or both, were negligent."

Thus, the trial judge assumed that a finding of negligence on both parties was permitted by the verdict. However, the jury was admonished not to answer questions unnecessarily. The court instructed:

"If a question is to be answered only in the event you have answered a preceding question . . . then obviously . . . you need not answer the question under consideration. You will make no mistake if you read the introductory portion of such question carefully."

Under these instructions and following the directions included in the verdict, the jury could not properly have found both parties negligent although they could have absolved both of them of negligence. The trial judge reasonably explained the choice that was made by concluding that the jury, having awarded what appeared to

him to be an excessive amount and being faced with the choice of which defendant to saddle with the burden of the judgment, picked the American Legion Convention Corporation, which, as the representative of the parent organization, appeared to the jury to be more financially responsible of the two. In other words, the jury having been forced to an impossible choice by the form of the verdict, chose to ignore the trial judge's clear instructions in regard to the negligence occasioned by the violation of the safety statute prohibiting fireworks. While the rule stated in *Statz v. Pohl* (1954), 266 Wis. 23, 32a, 62 N. W. 2d 556, 63 N. W. 2d 711, and reiterated in *Hillstead v. Shaw, supra,* page 652, permits a court to cure an inconsistent verdict by changing answers, it is apparent that changing the perverse answer to the jury's finding that the defendant Waupaca 40 and 8 was not negligent would not have cured the errors that seemingly compounded themselves in the verdict. The trial judge properly concluded that the ineptly worded alternative verdict, together with the jury's disregard of the instruction pertaining to the violation of a safety statute, prevented a proper exploration of the issues of negligence, and thus deprived the plaintiff and the defendant American Legion Convention Corporation of a completely fair trial.

We need not review the contentions of the parties that certain questions should have been answered as a matter of law, inasmuch as we hold that the trial judge properly exercised his discretion in ordering a new trial. However, our perusal of the record makes it abundantly clear that the evidence was in dispute in regard to each of the questions which the judge was asked to answer.

The trial judge's thorough analysis of all the evidence, together with the exhaustive legal memorandum supporting his position, amply demonstrates sound reasons for his determination to order a new trial. There was clearly not an abuse of discretion in so doing.

*By the Court.*—Order affirmed.