WILLIAM J. SCHUH, Corporation Counsel, Outagamie County
Your letter of May 28, 1971, directs my attention to certain provisions of sec. 167.10, Stats., the statute which broadly regulates the storage, sale, use, etc., of fireworks in the State of Wisconsin. Subsections (10) and (12) of the statute *Page 239 
exempt or except certain paper cup devices and smoke and party novelties from the prohibitions and penalties provided by the statute. You advise that both your county and the City of Appleton have enacted ordinances dealing with the sale and use of fireworks identical to sec. 167.10, except that neither includes the above two subsections. You therefore inquire as follows:
"Can a county or city ordinance prohibit the sale and use of the above mentioned articles which have been specifically accepted and exempted from the prohibitions and penalties of the State Fireworks Act?"
Your question assumes the general authority of the county and city to enact ordinances regulating fireworks. However, our office has previously pointed out that a county board lacks the authority to pass an ordinance prohibiting the sale and use of fireworks within a county. 27 OAG 690 (1938). I am unaware of any change in the law subsequent to that opinion which would justify a different result today. That opinion concludes as follows:
"The absence of any statute granting authority to a county board to prohibit the sale and use of fireworks, together with the evidentlegislative intent largely to preempt the field in the matter offireworks regulation, impels us to the conclusion that a county board does not have authority to pass an ordinance prohibiting the sale and use of fireworks within a county." 27 OAG 690, 691. (Emphasis added)
Furthermore, although I normally would refrain from further comment regarding a city ordinance, there are several reasons which appear to justify such comment, in this particular instance, in the interest of eliminating any confusion at local governmental levels tending to contribute to unauthorized or inconsistent enforcement of this State law. For instance, by virtue of the specific statutory grant of authority contained in subsec. (8) of the statutes, the wide range of local public officials responsible for the enforcement of the statute (including mayors, village board presidents and town chairmen) actually act as arms of the State to carry *Page 240 
out State public policy as declared by the statute. Flynn v. Kaukauna
(1942), 241 Wis. 163, 165, 5 N.W.2d 754. In addition, your question not only concerns the division of responsibility and duties between the district attorney's office and your office but also between his office and other local officials responsible for enforcing the law. Therefore, since violation of this statute also constitutes a crime, I am also forwarding a copy of this letter to the District Attorney for your county, Mr. James R. Long, for his information.
There can be little doubt that State statute has for many years fully occupied the field of fireworks regulation. However, whether or not the preemption language used over 30 years ago in 27 OAG 671 may be said to apply to a city as well as a county, it is evident that no local ordinance may prohibit the sale and use of those articles specifically exempted or excluded from the wide prohibitions of sec. 167.10, Stats. While there is some variance in language used to exclude items from the operation of the statute, a positive intent to permit the sale and use of those items specified as exempt is evident on the face of the statute.
Both cities and villages possess significant powers to enact local legislation. Art. XI, sec. 3, Wis. Const., and secs. 61.34 (1) and 52.11. (5), Stats. However, the constitutional authority of cities only extends to local affairs and does not cover legislative enactments of statewide concern "* * * as shall with uniformity affect every city or every village. * * *" See Plymouth v. Elsner (1965), 28 Wis.2d 102, 106,135 N.W.2d 799 and Van Gilder v. Madison (1936), 222 Wis. 58, 267 N.W. 25,268 N.W. 108. Further, the determination of what constitute matters of "state-wide concern" or a "local affair" is primarily for the legislature based in considerations of public policy. "* * * In the event of a controversy between municipalities and the state therefore the court is required to make the ultimate determination. * * *" Van Gilder, supra,
pp. 73-74. See also Fond du Lac v. Empire (1956), 273 Wis. 333, 337, 338,77 N.W.2d 699. It may be noted in this regard that our Supreme Court, in holding that a mayor acting under the State fireworks act does not act as the agent of the city, cites authorities where "a public *Page 241 
service not peculiarly local, or corporate" has been delegated to named officers of a municipality by the legislature. Flynn v. Kaukauna, supra. See also Quick v. American Legion 1960 Conv. Corp. (1967), 36 Wis.2d 130,135, 152 N.W.2d 919. However, since you do not identify the city ordinance under consideration as being a charter ordinance, enacted under sec. 66.01 (4), Stats., electing to withdraw from the operation of sec.167.10, Stats., I presume we are not dealing with an assertion of municipal home-rule under the Wisconsin Constitution.
Section 167.10, Stats., is a regulatory measure adopted in the interest of public safety, and the Supreme Court considering sec. 167.10 (1), Stats., in Quick, supra, at p. 139, has described it as "the safety statute prohibiting fireworks." The court also made reference to the fact that the trial judge had referred to both this provision, and "a Green Bay ordinance pursuant thereto," as "safety regulations." Quick, supra,
at p. 137. I will, therefore, consider the extent to which a local regulatory ordinance may vary from the provisions of a State statute dealing with the same subject matter.
Generally speaking, where the State enters a field of regulation by the enactment of statutes, a city or village may nevertheless enact a valid ordinance in the same area of governmental regulation, even though such ordinance goes "further in its regulation" and provides greater restrictions or prescribes higher standards than the State law — if:
(1) the statute specifically grants a limited authority to enact local laws in the exercise of a police power in the same area of regulation and such power is exercised in a manner consistent with said grant. Milwaukeev. Piscuine (1963), 18 Wis.2d 599, 603, 119 N.W.2d 442; or
(2) the statute does not preempt the field and the ordinance properly falls within the broad home-rule powers of secs 61.34 (1) or 62.11 (5), Stats., provided said powers have not otherwise been limited by "express language" and are not exercised in a manner, inconsistent with State law. Fox v. Racine (1937), 225 Wis. 542, 546, 275 N.W. 513. *Page 242 
A local municipal ordinance such as you describe clearly falls under the second category above. Therefore, even if not preempted by state statute, the ordinance must not conflict with general State law. The test to determine whether or not an ordinance is inconsistent with a statute, as set forth in the Fox case, supra, is whether the ordinance permits or licenses that which the constitution or statute prohibits, or vice versa. A local ordinance such as you describe quite clearly purports to prohibit that which is permitted by specific statutory enactment and, therefore, conflicts with State law.
RWW:JCM