BAILEY, Respondent, v. HOVDE and another, Appellants.

*No. 307. Argued November 28, 1973.—Decided*
*December 21, 1973.*
(Also reported in 213 N. W. 2d 69.)

For the appellants there was a brief by *Frank J. Bucaida* and *Axley, Brynelson, Herrick & Gehl,* all of Madison, and oral argument by *Mr. Bucaida.*

For the respondent there was a brief and oral argument by *William L. McCusker* of Madison.

BEILFUSS, J. The appellants' principal assertion is that the proof is not sufficient to support a finding of fraud or mutual mistake by clear and convincing evidence.

The record in this case is quite extensive. All of the parties to the disputed document, including the attorneys who represented Bailey, testified as to their version and many exhibits consisting of contracts and proposals for contracts were offered and received into evidence. Thus the issue becomes one primarily of the credibility of witnesses and the weight of the evidence.

"Reformation is an equitable action and the main object of equitable jurisdiction is to effectuate the intentions of the parties to the instrument in question. . . ." *Krause v. Hartwig* (1961), 14 Wis. 2d 281, 284, 111 N. W. 2d 138.

" 'This court in *Chicago, St. P., M. & O. R. Co. v. Bystrom* (1917), 165 Wis. 125, 161 N. W. 358, laid down the rule with respect to when it is proper for a court to reform a contract for mistake as follows (p. 133) :

" ' "In order to reform a contract on the ground of mistake the general rule is that the mistake must be mutual, or mistake on one side and fraud on the other." ' " *Clark v. Moru* (1963), 19 Wis. 2d 503, 506, 120 N. W. 2d 888.

In its written findings of fact and conclusions of law the trial court found that:

"17. There was no mutual agreement to terminate plaintiff's right of repurchase under Exhibit 5 [the 1968 Conditional Acceptance of Option]. There is clear and convincing evidence that defendants' present contention that Exhibit 8 [extension option of June 4, 1970] terminated the right to repurchase under Exhibit 5 constitutes either the use of deceptive practices on June 4, 1970 or an after-thought expressed to the plaintiff for the first time over a year later, which such after-thought, although profitable to the defendants, would constitute a mutual mistake between the parties on June 4, 1970.

"18. A portion of the consideration to Bailey under the prior integrated agreements, namely, the right of plaintiff to repurchase 9,450 square feet of adjacent property, is still due and owing the plaintiff and remains executory. Prior to September 30, 1972, plaintiff served defendants with timely Notice of Election of Option to repurchase the adjacent property (described in Exh. 5).

"19. Exhibit 8, the option dated June 4, 1970, does not correctly express the real and complete agreement between the parties. The real agreement contemplated by the parties by Exhibit 8 was intended to include the provision, as previously stated in Exhibit 5, that Bailey would have an option to repurchase expiring 90 days after the Taff-Hovde option to purchase the Spanish Village property expired. To accomplish the intent of the parties, the Court finds that the option (Exh. 8) should be reformed to give Bailey the option to repurchase upon the terms described in Exhibit 5, on or before 90 days after Judgment herein, or, in the event of appeal and affirmance of the Judgment herein, within 90 days after the Judgment of the appellate court."

From the memorandum opinion it is clear that the trial court concluded the extension option of June 4, 1970, was not an independent contract but only a part of the integrated agreement between the parties for the sale of the land which included as a part of the consideration the repurchase rights of Bailey. We believe this finding and conclusion is amply supported by the evidence. Throughout the negotiations it is apparent that Bailey could not sell all of his land available for parking if Hovde-Taff did not buy the Spanish Village. The commercial value of the Spanish Village would obviously be greatly reduced without an adequate parking area.

The trial court further concluded that because the extension agreement of June 4, 1970, was only a modification of the entire integrated agreement, that Hovde-Taff had the burden of proof to show that the modification was mutually intended to curtail or abolish Bailey's

right of repurchase. We believe this to be a correct statement of the law.[1]

The appellants, Hovde-Taff, claim the record does not clearly reveal that the court properly imposed the burden of proof. They correctly state that burden of proof in an action to reform a written instrument is upon the person claiming a right to reformation to prove by clear and convincing evidence that the contract as written was entered into by mutual mistake or by mistake on the part of the person claiming a right to reformation and fraud by the other party. However, as stated above, the trial court concluded the extension agreement was only a supplemental addition or part of the integrated agreement between the parties and that the burden of proof was upon Hovde-Taff to show the parties mutually agreed that Bailey relinquished his repurchase rights.

Even if the extension agreement of June 4, 1970, was construed to be an independent agreement standing alone, Bailey has met the burden of proof for reformation of such an instrument. The trial court found (in Finding 17):

". . . There is clear and convincing evidence that defendants' present contention that Exhibit 8 terminated the right to repurchase under Exhibit 5 constitutes either the use of deceptive practices on June 4, 1970 or an after-thought expressed to the plaintiff for the first time over a year later, which such after-thought, although profitable to the defendants, would constitute a mutual mistake between the parties on June 4, 1970."

The appellants, Hovde-Taff, also contend that the evidence is not sufficient to support the findings of fact and the judgment of reformation.

[1] *Wipfli v. Bever* (1967), 37 Wis. 2d 324, 155 N. W. 2d 71; 17 Am. Jur. 2d, *Contracts*, pp. 666–668, secs. 263, 264; 17A C. J. S., *Contracts*, pp. 1140, 1141, sec. 588.

The findings of fact of the trial court cannot be set aside on appellate review unless they are against the great weight and clear preponderance of the evidence.[2]

"The weight of the evidence and the credibility thereof were matters entirely within the province of the court as the trier of the facts." *Gordon v. Gordon* (1955), 270 Wis. 332, 340, 71 N. W. 2d 386. "Findings of the trial court are not to be disturbed on appeal unless they are contrary to the great weight and clear preponderance of the evidence." *Ibid.* at page 339; *see also: Swazee v. Lee* (1951), 259 Wis. 136, 137, 47 N. W. 2d 733. Stated another way, this court has held that, " 'A trial court's finding of fact made on conflicting evidence should not be set aside if a judicial mind could, on due consideration of the evidence as a whole, reasonably have reached that conclusion.' " *Carey v. Dairyland Mut. Ins. Co.* (1968), 41 Wis. 2d 107, 114, 163 N. W. 2d 200; *McManus v. Hinney* (1967), 35 Wis. 2d 433, 441, 151 N. W. 2d 44. *See also: Guinther v. Schucht* (1965), 26 Wis. 2d 97, 131 N. W. 2d 861; *C. Hennecke Co. v. Cardinal Boiler & Welding Corp.* (1962), 16 Wis. 2d 493, 498, 114 N. W. 2d 869; *Estate of Larsen* (1959), 7 Wis. 2d 263, 273, 274, 96 N. W. 2d 489. The record clearly shows that the trial court reached its decision by weighing the evidence and determining the credibility of the witnesses. Under either theory of the case the findings of the trial court are not against the great weight and clear preponderance of the evidence.

The judgment reformed the agreement to provide that Bailey should have ninety days after judgment to exercise his repurchase option as described in Exhibit 5, the Conditional Acceptance Option. This agreement provided that Bailey was entitled to repurchase 9,450 square feet from outlots 12, 17 and 18, and further provided that if the parties could not agree upon the location of this

---

[2] *Clark v. Moru* (1963), 19 Wis. 2d 503, 120 N. W. 2d 888.

repurchased parking area the city of Madison traffic engineering department should establish it.

The appellants, Hovde-Taff, contend this repurchase right should be limited to outlots 17 and 18. We agree. The complaint of plaintiff-respondent Bailey in its demand asks only for "the right to repurchase . . . from Outlots 17 and 18." In addition to the limit of Bailey's demand in his complaint, it is apparent that Hovde-Taff have expended funds in the construction of a building on outlot 12 and the surfacing of part of it for a parking area for the shopping center. Equitably, Bailey should be restricted to outlots 17 and 18 in exercising his right to repurchase. The judgment should be modified to provide for this restriction.

*By the Court.*—Judgment modified and, as modified, affirmed.

